IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. _____

HARRIET ZEIKOWITZ, LMHC

    Plaintiff,

v.

THE CHILDREN'S HOME SOCIETY OF
FLORIDA,

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, HARRIET ZEIKOWITZ, LMHC ("ZEIKOWITZ") files this Complaint and sues Defendant, THE CHILDREN'S HOME SOCIETY OF FLORIDA ("CHS") for retaliation and interference with the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq., ("FMLA"), and, in support, she alleges as follows:

### JURISDICTION & VENUE

1. This is an action brought to remedy unlawful employment practices by the CHS pursuant to the FMLA.

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332.

3. ZEIKOWITZ is *sui juris* and is a resident of this District.

4. At all relevant times, ZEIKOWITZ was employed by the CHS in this District.

5. CHS is an "employer" within the meaning of the FMLA.

1

6. ZEIKOWITZ was an "employee" and an "eligible employee" as defined by the FMLA.

7. All actions relevant to this Complaint occurred in this District.

## CONDITIONS PRECEDENT

8. All conditions precedent have been satisfied or have been waived.

## FACTUAL ALLEGATIONS

*CHS Position:*

9. ZEIKOWITZ has been employed with CHS for almost 21 years, beginning her employment on November 29, 1999.

10. ZEIKOWITZ's last held position was as a Full-Time Adoption Specialist.

11. ZEIKOWITZ received numerous awards and commendations over her years of dedicated service at CHS.

*FMLA Qualifying Event:*

12. At all relevant times, CHS was aware that ZEIKOWITZ's husband was ill due to a serious medical condition and that ZEIKOWITZ needed to care for him.

13. On July 17, 2020, ZEIKOWITZ was presented with a verbal Performance Improvement Plan ("PIP") by the Program Manager-Adoptions, Amy Garvin-Liddell, LCSW ("AMY").

14. On July 23, 2020, ZEIKOWITZ's husband became gravely ill.

15. On or about July 27, 2020, a meeting was held with ZEIKOWITZ, AMY and Kelly Keough, Senior Talent Business Partner. During this meeting both Ms.

Garvin-Liddell and Ms. Keough inquired regarding ZEIKOWITZ's husband's health. ZEIKOWITZ verbally indicated the severity of her husband's illness.

16. On or about July 28, 2020 CHS delivered the written PIP to ZEIKOWITZ.

17. On July 31, 2020, ZEIKOWITZ's husband was admitted to the hospital's emergency room due to the seriousness of his medical condition.

18. CHS was made aware that ZEIKOWITZ's husband was admitted into the hospital on July 31, 2020.

19. On August 3, 2020 ZEIKOWITZ signed the PIP with her written statement, "Please see attachment with emails documenting what actually occurred."

20. On August 4, 2020, ZEIKOWITZ again used her sick time in order to care for her seriously ill husband.

21. On August 5, 2020, ZEIKOWITZ met with Program Manager-Adoptions, Amy Garvin-Liddell, LCSW to discuss ZEIKOWITZ's yearly evaluation. Ms. Garvin-Liddell, inquired how her husband was doing; to which ZEIKOWITZ indicated he was doing "poorly". Additionally, ZEIKOWITZ indicated she anticipated that she would need additional leave due to his medical condition.

22. On August 5, 2020, after ZEIKOWITZ's conversation with Ms. Garvin-Liddell, ZEIKOWITZ submitted her signed PIP along with her written response with references to prior emails documenting the PIP was unsubstantiated to Ms. Garvin-Liddell and to Ms. Keough.

3

23. On August 10, 2020, ZEIKOWITZ had a meeting with both Ms. Garvin-Liddell and Ms. Keough. Both Ms. Garvin-Liddell and Ms. Keough inquired about ZEIKOWITZ' husband's health. ZEIKOWITZ responded that her husband's medical condition, while still being hospitalized, continued to deteriorate. During that same meeting, CHS fired ZEIKOWITZ by stating that her position was "eliminated," See Exhibit "A". CHS indicated the effective date of her termination would be August 21, 2020.

24. On August 31, 2020, Ms. Garvin-Liddell reached out to ZEIKOWITZ and offered her a part-time position at significantly less hours and at a significantly lower rate of pay.

25. ZEIKOWITZ declined the position; especially since she needed to care for her seriously ill husband—which CHS fully knew.

26. Notably, no other Full-Time Adoption Specialist at ZEIKOWITZ's location at 3333 Forest Hills Blvd., West Palm Beach, Florida were "eliminated".

27. At no point in time did the CHS provide ZEIKOWITZ with any FMLA paperwork to complete.

### ATTORNEYS' FEES

28. ZEIKOWITZ has retained the undersigned counsel and has agreed to pay reasonable attorneys' fees.

### COUNT I: INTERFERENCE IN VIOLATION OF THE FMLA

29. ZEIKOWITZ re-adopts, incorporates by reference, and re-alleges Paragraphs 1 to 28, as though fully set forth herein.

4

30. ZEIKOWITZ was entitled to FMLA leave under 29 U.S.C. § 2601(a)(1) because, among other things, she had to care for her spouse who suffered from a serious medical condition.

31. As more specifically alleged herein, ZEIKOWITZ notified CHS that her spouse suffered from a serious medical condition and she needed to take care of him.

32. Despite that, the CHS did not provide ZEIKOWITZ with any FMLA paperwork or notification of her rights under the FMLA.

33. CHS interfered with ZEIKOWITZ's right to take FMLA qualifying leave to care for her spouse by firing her and citing the pretextual reason that her position had been "eliminated".

34. CHS's adverse actions against ZEIKOWITZ was related to her notification that she required FMLA-qualifying leave.

35. As a direct and proximate result of the CHS's violations of ZEIKOWITZ's rights under the FMLA, ZEIKOWITZ has been injured.  Her injuries include, but are not limited to, back pay and liquidated damages.

WHEREFORE, as to Count I, ZEIKOWITZ , demands judgment in her favor against CHS for violation of the FMLA and seeks back pay, interest,  liquidated damages, attorneys' fees pursuant to 29 USCS § 2617, costs, and such other further damages or relief that this Court deems just and equitable.

## COUNT II: RETALIATION IN VIOLATION OF FMLA

36. ZEIKOWITZ re-adopts, incorporates by reference, and re-alleges Paragraphs 1 to 28, as though fully set forth herein.

37. ZEIKOWITZ was entitled to FMLA leave under 29 U.S.C. § 2601(a)(1) because, among other things, she had to care for her spouse who suffered from a serious medical condition.

38. As more specifically alleged herein, ZEIKOWITZ engaged in statutorily protected activity when she notified CHS that her spouse suffered from a serious medical condition for which he was hospitalized and that she required medical leave.

39. Within a few days of notifying CHS that her spouse suffered from serious medical conditions, CHS placed her on a PIP and then terminated her stating that the position was "eliminated".

40. CHS's adverse treatment of ZEIKOWITZ was due to her assertion of her FMLA rights.

41. As a direct and proximate result of the violations of ZEIKOWITZ's rights under the FMLA by CHS, ZEIKOWITZ has been injured.  Her injuries include, but are not limited to, back pay and liquidated damages.

WHEREFORE, as to Count II, ZEIKOWITZ , demands judgment in her favor against CHS for violation of the FMLA and seeks back pay, interest,  liquidated damages, attorneys' fees pursuant to 29 USCS § 2617, costs, and such other further damages or relief that this Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff, HARRIET ZEIKOWITZ, demands a trial by jury on all issues so triable.

Dated this 25th day of September 2020.

                               By:     */s/ Gina Cadogan*
                                           GINA MARIE CADOGAN, Esq.
                                           Fla. Bar: 177350
                                           CADOGAN LAW
                                           300 S. Pine Island Rd., Suite 107
                                           Plantation, FL 33324
                                           Tel: 954.606.5891
                                           Fax: 877.464.7316
                                           Email: gina@cadoganlaw.com
                                           Email: kathy@cadoganlaw.com

                                           *Counsel for Plaintiff*